# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 1862 C.D. 2015 |
| | : | Submitted: April 15, 2016 |
| $7,381.00 (Hector Juan Lopez) | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: July 25, 2016

The Commonwealth of Pennsylvania appeals an order of the Court of Common Pleas of Luzerne County (trial court) that denied the Commonwealth's petition to forfeit $7,381.00 in U.S. currency seized from Hector Lopez (Lopez) under the Act commonly known as the Controlled Substances Forfeiture Act (Forfeiture Act), 42 Pa. C.S. §§6801-6802.  Discerning no error by the trial court, we affirm.

The Commonwealth filed a petition for forfeiture on July 24, 2014, which recited the following facts:

> A.   On July 18, 2010, … Officer [John Anthony] from the Kingston Police Department was on routine patrol on Price Street, Kingston, Pennsylvania.
>
> B.   At approximately 5:38 p.m., the Officer observed a Jeep Grand Cherokee bearing Pennsylvania Registration EKZ-7119 operating with an expired inspection certification and an inoperable driver's side brake light.

C.   The Officer pulled behind the vehicle and the vehicle stopped prior to the Officer activating a siren or emergency light.

D.   Two passengers in the vehicle immediately got out and started walking away.

E.   The Officer approached the driver and began questioning. The two passengers shortly returned to the scene.

F.   During the course of the questioning, all three occupants of the vehicle appeared extremely nervous and were visibly shaking and speaking with a stutter.

G.   The Officer then requested to search the vehicle and the driver consented to this search.

H.   During the vehicle search, the Officer discovered a silver spoon with residue, blue wax paper, and white wax paper.

I.   All three passengers denied ownership at that time so the Officer took the three individuals into custody.

J.   At the Kingston Police Headquarters the three individuals were advised of their Constitutional rights.

K.   Lopez[, one of the passengers,] freely admitted to having two stacks of currency hidden in his shoes.

[L. omitted]

M.   Lopez then took off his shoes and produced two stacks of currency.  One stack contained $3,750.00 USD and the second stack contained $3,500.00.

N.   An additional $1,181.00 USD was found in Lopez' wallet. Lopez was able to provide a receipt from the Philadelphia Court system for $1,050.00 USD.

2

O.   All money found on Lopez was scanned by the Northeast Counter Drug Training Center and tested positive for traces of controlled substances.

Petition for Forfeiture and Condemnation, July 24, 2014, at 1 – 2.  The trial court conducted the hearing on May 18, 2015.

Officer Anthony testified about his discovery of the cash seized from Lopez.  He explained that he brought Lopez to the police station, where he asked him "if he had any contraband on his person, that there was a further search going to be conducted; and Mr. Lopez advised [Anthony] that, pretty much said, you're going to find this anyway and kicked his two shoes off and a large amount of currency went all over the patrol [room] floor."  Notes of Testimony, May 18, 2015, at 19 (N.T. ___); Reproduced Record at 17a (R.R. ___).  The Commonwealth's attorney further questioned Officer Anthony about the cash in Lopez's shoes:

> [Commonwealth]: Did you ask Mr. Lopez about the money found on his person?
>
> [Anthony]: Yes.
>
> [Commonwealth]: And what did he say about that?
>
> [Anthony]: He gave me several stories.  One being that it came from his father.  And then a second one that he's been just saving his money.
>
> [Commonwealth]: Did you ask him if he had a job that he was saving money from?
>
> [Anthony]: He did -- at the time, he said he was unemployed but he did state that he had a job prior to that.

N.T. 21-22; R.R. 17a.

3

Lopez, who appeared *pro se*, testified narratively. He stated that, at the police station, the vehicle's driver confessed to owning drug paraphernalia recovered from the vehicle. Lopez, who was not charged with a crime, offered the following explanation for the cash in his sneakers:

> I'm not only hiding money -- I wasn't hiding money from the officers. I was hiding money from other people. I was looking to buy a car. I had a lot of money on me. I don't want everybody to know I had money on me, that's why I hid it.

N.T. 52; R.R. 25a. In his closing statement, Lopez argued:

> I was never charged that day with any offenses or any arrests, and my money was [taken] from me. Even the money that I had receipt through legal matters for, and I think that it should be returned to me, Your Honor. Someone claimed the paraphernalia that was in the car. If someone claimed ownership over it, why am I suffering?

N.T. 62; R.R. 27a.

On July 31, 2015, the trial court denied the Commonwealth's forfeiture petition and ordered the Commonwealth to return the seized cash to Lopez. In an accompanying opinion, the trial court held that the Commonwealth had failed to meet its burden of proving that the seized cash had facilitated an illegal drug activity, and that granting a forfeiture would constitute an excessive fine prohibited by the Eighth Amendment. The trial court noted that the Commonwealth's sole witness, Officer Anthony, testified that the paraphernalia recovered from the car indicated possible drug use by one of the vehicle's occupants. Significantly, Anthony conceded it did not indicate drug selling. The trial court also emphasized that none of the occupants of the vehicle appeared to be under the influence. That the driver was a known drug user did not logically

4

support any conclusion about Lopez's cash.  No drugs were found in the vehicle, which made the statutory presumption unavailable to the Commonwealth.  42 Pa. C.S. §6801(a)(6)(i)(A).[1]   Finally, the trial court rejected as irrelevant the results of the ion scan of the cash seized from Lopez's sneakers.

The Commonwealth appealed to this Court.  On appeal,[2] the Commonwealth argues that the trial court erred because it proved that the cash seized from Lopez was used to facilitate a violation of The Controlled Substance, Drug, Device and Cosmetic Act.[3]  It relies on the following evidence: the drug

---

[1] It states:

> (a) Forfeitures generally.-- The following shall be subject to forfeiture to the Commonwealth and no property right shall exist in them:
>
> * * *
>
> (6)(i) All of the following:
>
> > (A) Money, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act [Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101 – 780-144], and all proceeds traceable to such an exchange.

42 Pa. C.S. §6801(a)(6)(i)(A).

[2] Our scope of review in an appeal from a forfeiture proceeding pursuant to the Forfeiture Act is to determine whether the trial court's findings of fact are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law.  *Commonwealth v. McJett*, 811 A.2d 104, 109 n.7 (Pa. Cmwlth. 2002).  An abuse of discretion occurs when the trial court departs from or misapplies the law or whether its judgment is manifestly unreasonable.  *Commonwealth v. $34,440 U.S. Currency,* __ A.3d __, __ n.7 (Pa. Cmwlth., No. 1021 C.D. 2014, filed April 19, 2016), slip op. at 7 n.7.

[3] Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§780-101 – 780-144.  The Forfeiture Act states that "[m]oney, negotiable instruments, securities or other things of value used or intended to be used to facilitate any violation of The Controlled Substance, Drug, Device and Cosmetic Act" shall be subject to forfeiture.  42 Pa. C.S. §6801(a)(6)(i)(B).

5

paraphernalia found in the vehicle; the fact that the driver of the vehicle was a known drug user; Lopez concealed cash on which trace amounts of narcotics were found; and Lopez offered different stories about the source of his cash.

After reviewing the record, the parties' briefs and the applicable law, we conclude that the Commonwealth's issues have been ably resolved in the thorough and well-reasoned opinion of the Honorable William H. Amesbury. Therefore, we affirm on the basis of the trial court's opinion in *Commonwealth of Pennsylvania v. $7,831.00 USD (Lopez)*, (No. 8702 CIVIL 2014, filed July 31, 2015) (C.P. Luzerne).

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,  :
                    Appellant  :
                               :
          v.                   :  No. 1862 C.D. 2015
                               :
$7,381.00 (Hector Juan Lopez)  :

# **O R D E R**

AND NOW, this 25th day of July, 2016, the order of the Court of Common Pleas of Luzerne County dated July 31, 2015, in the above-captioned matter is hereby AFFIRMED on the basis of the trial court's opinion in *Commonwealth of Pennsylvania v. $7,831.00 USD (Lopez)*, (No. 8702 CIVIL 2014, filed July 31, 2015) (C.P. Luzerne).

_____
MARY HANNAH LEAVITT, President Judge